ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **ELIONEL LUNA DE LA CRUZ; YADIRA RODRÍGUEZ DÍAZ y la Sociedad de Gananciales compuesta por ambos**<br><br>Peticionario<br><br>v.<br><br>**MÁXIMA D. RODRÍGUEZ MARTÍNEZ**<br><br>Recurrida | TA2025CE00344 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**K AC2006-8042**<br><br>Sobre:<br>Nubilidad de Contrato, Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparecen el señor Elionel Luna de la Cruz, la señora Yadira Rodríguez Díaz y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, "peticionarios") y solicitan la revisión de la *Orden* pronunciada el 24 de julio de 2025 y notificada el 29 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI", "foro primario" o "foro recurrido"). Mediante el dictamen aludido, el foro primario declaró sin lugar a la *Moción en Cumplimiento de Orden* de los peticionarios.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

### I.

Según surge del expediente, el 8 de diciembre de 2006, los peticionarios instaron una *Demanda* sobre dolo contractual grave, nulidad de contrato y daños y perjuicios contra la señora Máxima Rodríguez Martínez (en adelante, "señora Rodríguez" o "recurrida"). El 10 de enero de 2007, el Registro de la Propiedad anotó

preventivamente la demanda, debido a que la señora Rodríguez tenía una participación de 50% sobre un inmueble. El 6 de febrero de 2007, la recurrida contestó la demanda e instó una reconvención.

Luego de varios trámites procesales, el 21 de noviembre de 2012, las partes presentaron ante el tribunal un escrito de transacción mediante el cual la señora Rodríguez desistió de su reconvención y se obligó a pagar $60,000.00 en sesenta (60) días a través de un refinanciamiento hipotecario; sino cumplía con el pago en el término dispuesto, tendría que satisfacer una penalidad de $15,000.00 más el interés legal. A esos efectos, el foro primario pronunció una *Sentencia* el 4 de diciembre de 2012, dando así por terminado el pleito.

Consecuentemente, el 5 de febrero de 2013, los peticionarios le notificaron al foro recurrido que la señora Rodríguez incumplió con el acuerdo transaccional y solicitaron la ejecución de la sentencia. Para comenzar a satisfacer lo debido, el tribunal emitió una *Orden* el 11 de marzo de 2013, notificada el 12 de marzo de 2013, para que los inquilinos que residían en la propiedad depositaran el 50% de los cánones de renta mensuales.[1] Durante el proceso de ejecución, los peticionarios se percataron de que obraban dos gravámenes sobre la propiedad concernida que impedían accionar el dictamen judicial: (1) una hipoteca que garantizaba la cantidad de $495,000.00 con fecha de vencimiento de 1 de abril de 2020, y (2) un acta de hogar seguro.

Tras la anotación de la sentencia y una prohibición de enajenar en el Registro de la Propiedad, el 3 de junio de 2025, los peticionarios solicitaron nuevamente la ejecución de la sentencia. Luego de ciertas instancias procesales, el 24 de julio de 2025, el foro

---

[1] La señora Rodríguez es dueña del 50% de la propiedad aludida. Al haber inquilinos poseyéndola, el foro primario optó por tomar medidas cautelares, dictaminando así que la mitad del canon de arrendamiento se depositara en el tribunal.

recurrido declaró sin lugar a la solicitud de ejecución de sentencia mediante una *Orden*. El TPI razonó que, el pretender la ejecución de la sentencia casi doce (12) años después de que esta fue notificada, contravenía la Regla 51.1 de las de Procedimiento Civil, *infra*.

Insatisfechos, los peticionarios comparecen ante nos mediante *Certiorari*, y alegan que el foro primario cometió los siguientes errores:

> Erró el Hon. Juez Brian Burgos Hernández al declarar sin lugar una solicitud de ejecución de sentencia, a pesar de que anteriormente el Tribunal por voz de otros jueces habían autorizado la anotación de demanda, anotación de sentencia y prohibición de enajenar sobre una propiedad inmueble que se pretendía ejecutar y que la parte demandada es dueña de una participación del cincuenta por ciento (50%).

> Erró el Hon. Juez Brian Burgos Hernández al declarar sin lugar una solicitud de ejecución de sentencia, ello contrario a las disposiciones de la Regla 51.1 de Procedimiento Civil 2009. Además, respetuosamente entendemos que la orden emitida carece de fundamentos por lo cual fue declarada sin lugar, lo que podría rayar en abuso de discreción.

Por su parte, la recurrida presentó su *Oposición a [la] Expedición de[l] Auto de Certiorari* el 23 de septiembre de 2025.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). Las resoluciones u

órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla. Este tipo de recurso debe evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), sobre los criterios para la expedición del auto de *certiorari.* Véase *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Por otra parte, nuestro esquema procesal civil ha precisado que una sentencia final y firme puede hacerse valer mediante una ejecución. Cuando la parte perdidosa incumple con lo dispuesto en una sentencia, el mecanismo de la ejecución garantiza su continuidad y cumplimiento. *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 247-248 (2007). En ciertas instancias, se utiliza este

mecanismo para garantizar la eficacia del dictamen pronunciado. *Negrón v. Srio. de Justicia*, 154 DPR 79, 90 (2001).

Como norma general, la Regla 51.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, dispone lo siguiente sobre la ejecución de sentencia:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

> *Íd.*

Es decir, este precepto especifica que, transcurrido el término de cinco (5) años desde que la sentencia es firme, aún se puede hacer valer el dictamen judicial mediante la autorización y orden del tribunal luego de habérsele notificado a las partes. *Mun. de San Juan v. Prof. Research*, supra, pág. 248; *Igaravidez v. Ricci*, 147 DPR 1, 7 (1998); *Avilés Vega v. Torres*, 97 DPR 144, 148 (1969). Durante esta etapa, el peticionario debe probar que la sentencia no ha sido satisfecha y que no perdura condición alguna para evitar su ejecución. *Banco Territorial y Agrícola de Puerto Rico v. Marcial*, 44 DPR 129, 132 (1932).

Es preciso destacar que, según el *Código Civil de Puerto Rico de 1930,* el acreedor por sentencia cuenta con un término de quince (15) años para ejecutarla en el mismo pleito o en uno independiente. 31 LPRA sec. 5294 (según derogado); *Mun. de San Juan v. Prof. Research*, supra, pág. 149.[3]

---

[3] El antiguo Código Civil fue derogado por el *Código Civil de Puerto Rico de 2020*, Ley Núm. 55-2020, 31 LPRA sec. 5311. Sin embargo, a los hechos pertinentes a este recurso les aplica el Código Civil de 1930.

### III.

En el presente recurso, los peticionarios alegan, en síntesis, que erró el foro recurrido al denegar la solicitud de ejecución de sentencia por esta ser remota. Esbozan que, luego de transcurrido el término de cinco (5) años desde que adviene firme una sentencia, la ejecución se rige por los principios generales de las obligaciones y, por ende, tenían quince (15) años para presentar su petitorio. Además, enfatizaron que la sentencia que se pretende ejecutar es producto de un acuerdo transaccional entre las partes. Asimismo, puntualizaron que no existe impedimento alguno para ejecutar la sentencia.

De otro lado, la recurrida arguye que no procede la expedición del auto de *Certiorari* porque se incumplió con la Regla 51.1 de las de Procedimiento Civil, *supra,* debido a que, la solicitud de ejecución se presentó casi doce (12) años luego de que advino firme el dictamen original. Así, alega que el TPI no abusó de su discreción al denegar el auto solicitado.

Por estar estrechamente relacionados, discutiremos ambos señalamientos de error en conjunto.

Tras un examen minucioso y ponderado del récord, el derecho aplicable y las alegaciones de las partes, colegimos que el TPI abusó de su discreción al emitir el pronunciamiento recurrido.

El foro primario, luego de permitir que las partes se expresaran sobre el asunto, denegó la solicitud de ejecución de sentencia mediante la siguiente *Orden*:

> Examinada la *Moción en cumplimiento de orden* presentada por la parte demandante [*sic*] el 17 de julio de 2025, disponemos lo siguiente:
>
> A la moción en cumplimiento de orden, **Sin Lugar**.
>
> La sentencia de este caso es del 30 de noviembre de 2012, notificada el 4 de diciembre de 2012. El tribunal concluye que no se sostiene autorizar la ejecución de la sentencia luego de más de 12 años. Véase Regla 51.1 de Procedimiento Civil [de] 2009.

Con este dictamen, el foro primario denegó la solicitud de ejecución de sentencia basado en la Regla 51.1 de las de Procedimiento Civil, *supra.* Como hemos discutido, esta regla especifica que, expirado el término de cinco (5) años desde que la sentencia adviene final y firme, el peticionario debe solicitar una autorización judicial para ejecutarla. Este petitorio ha de realizarse a través de una moción luego de haberle notificado a todas las partes. Para que proceda la autorización, el peticionario debe demostrar que la sentencia no se ha ejecutado y que no existe impedimento para accionarla.

Al examinar la *Orden* pronunciada, colegimos que el foro recurrido no nos colocó en condición para discernir la razón de su denegatoria a la solicitud, debido a que no fundamentó apropiadamente su dictamen. Según los peticionarios, no se ha ejecutado la sentencia y tampoco existe impedimento alguno para accionarla. El mero hecho de citar la Regla 51.1 de las de Procedimiento Civil, *supra*, es insuficiente para sustentar su decisión. Si no existía un impedimento verdadero para la ejecución, debió acceder a la solicitud incoada por los peticionarios; de imperar una circunstancia que fundamentara su denegatoria, debió haberla mencionado en su *Orden.*

Aunque el manejo del caso y la disposición de mociones pendientes son asuntos que descansan en la sana discreción del tribunal, el marco fáctico que se nos presenta amerita nuestra intervención. Procede dejar sin efecto el pronunciamiento impugnado con el fin de evitar un fracaso de la justicia.

Ante las disposiciones de la Regla 52.1 de las de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, expedimos el recurso de epígrafe y revocamos la orden recurrida.

## IV.

Por los fundamentos expuestos, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones